**Jimmy D. MADDOX, Appellant,**

v.

**Maurice H. SIGLER, Warden, Nebraska Penal and Correctional Complex, Appellee.**

**No. 71–1123.**

United States Court of Appeals, Eighth Circuit.

July 13, 1971.

Paul E. Watts, Omaha, Neb., on brief for appellant.

Clarence A. H. Meyer, Atty. Gen., Lincoln, Neb., and C. C. Sheldon, Asst. Atty. Gen., on brief for appellee.

Before MATTHES, Chief Judge, VAN OOSTERHOUT, Circuit Judge, and EISELE, District Judge.[*]

PER CURIAM.

Jimmy D. Maddox, a Nebraska state prisoner, entered a plea of guilty in the District Court of Buffalo County, Nebraska in 1964 to assault with intent to commit rape and armed robbery. Court-appointed counsel represented him

* United States District Judge, Eastern District of Arkansas, sitting by designation.

throughout the proceedings in the Nebraska court. A third charge of kidnapping was dismissed.

Maddox filed at least two post-conviction motions in the District Court of Buffalo County, Nebraska. That court held that Maddox had not been deprived of any constitutional right and was not entitled to have the judgment of conviction set aside. The Supreme Court of Nebraska affirmed the decision of the district court in one of the post-conviction proceedings. Maddox v. Sigler, 181 Neb. 690, 150 N.W.2d 251 (1967).

Having exhausted his state remedies, Maddox filed a petition for writ of habeas corpus in the United States District Court for the District of Nebraska in which he challenged the validity of his conviction on numerous grounds. In due time, an attorney was appointed to represent him and a full evidentiary hearing was held by Judge Urbom on September 24, 1970. Thereafter on February 19, 1971, Judge Urbom filed memorandum opinion, 325 F.Supp. 978, in which he considered each and every claim presented by Maddox in support of his petition for writ of habeas corpus.

Maddox has appealed from the district court's judgment denying the petition for writ of habeas corpus and dismissing it with prejudice.

On appeal, the appellant presents two contentions, namely: (1) that his guilty plea was not voluntarily made after proper advice and with full understanding of the consequences, and (2) that he was ineffectively represented by counsel in the Nebraska state court before and at the time he entered his plea of guilty.

We have examined the transcript of the arraignment and sentencing proceedings in the state court which in and of itself refutes appellant's claim of constitutional error. The proceedings in the United States District Court have also been considered. The attorney who represented appellant testified and his views of what transpired demonstrate that appellant, who had prior felony convictions, voluntarily and knowingly pled guilty. Therefore, we hold that Judge Urbom properly found appellant's plea was voluntarily made and that his plea was a deliberate and understanding choice reached after negotiations which led to the dismissal of the kidnapping charge. We likewise conclude that there is substantial evidence in the record to support Judge Urbom's finding and conclusion that the appellant was effectively represented by court-appointed counsel at the time the criminal case was disposed of. Therefore, and without further elaboration, we affirm on the basis of Judge Urbom's soundly reasoned opinion.